1 GARY P. BURCHAM
  California Bar No. 190780
2 964 Fifth Avenue; Suite 300
  San Diego, CA 92101
3 Telephone:  (619) 699-5930

4 Attorney for Angel Quintero-Ochoa

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                 (HONORABLE BARRY TED MOSKOWITZ)

11 UNITED STATES OF AMERICA,      )  Case No. 08CR13598-BTM
                                  )
12           Plaintiff,           )
                                  )  **STATEMENT OF FACTS AND**
13 v.                             )  **MEMORANDUM OF POINTS AND**
                                  )  **AUTHORITIES IN SUPPORT**
14 ANGEL QUINTERO-OCHOA,          )  **OF DEFENDANT'S MOTIONS**
                                  )
15           Defendant.           )
                                  )
16

17                       **STATEMENT OF FACTS**

18         The following statement of facts is based, in part, on materials

19 received from the government.  Mr. Quintero-Ochoa does not accept this

20 statement of facts as his own, and reserves the right to take a contrary

21 position at motions hearing and trial.  The facts alleged in these motions

22 are subject to amplification and/or modification at the time these motions

23 are heard.

24         In an indictment filed in April 2008, the government charged Mr.

25 Quintero-Ochoa with being a deported alien found in the United States, in

26 violation of 8 U.S.C. § 1326(a) and (b).  This indictment was based on Mr.

27 Quintero-Ochoa's April 4, 2008 arrest in a location east of the Otay Mesa

28 Port of Entry and two miles north of the international border by members

1 of the U.S. Border Patrol.

2                                        **I.**

3                         **MOTION TO COMPEL DISCOVERY**

4            Thus far, Mr. Quintero-Ochoa has received 30 pages of written

5 discovery, as well as one CD-ROM, from the government.  Mr. Quintero-Ochoa

6 now moves for the production by the government of the following items.

7 This request is not limited to those items that the prosecutor knows of,

8 but rather includes all discovery listed below that is in the custody,

9 control, care, or knowledge of any "closely related investigative [or

10 other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.

11 1989):

12            (1)    The Defendant's Statements.    Under Fed. R. Crim. P. 16

13 (a)(1)(A) the defendant is entitled to disclosure all copies of any

14 written or recorded statements made by the defendant; the substance of any

15 statements made by the defendant which the government intends to offer in

16 evidence at trial; any recorded testimony of the defendant before the

17 grand jury; any response by the defendant to interrogation; the substance

18 of any oral statements which the government intends to introduce at trial,

19 and any written summaries of the defendant's oral statements contained in

20 the handwritten notes of the government agent; any response to any Miranda

21 warnings which may have been given to the defendant (see United States v.

22 McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the

23 defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).  The

24 Advisory Committee Notes as well as the 1991 amendments to Rule 16 make

25 it clear that the Government must reveal all the defendant's statements,

26 whether oral or written regardless of whether the Government intends to

27 introduce those statements;

28            (2) Arrest Reports, Notes and Dispatch Tapes.    The defendant

1 also specifically requests that all arrest reports, notes and dispatch or

2 any other tapes that relate to the circumstances surrounding his arrest

3 or any questioning, if such reports have not already been produced in

4 their entirety, be turned over to him.  This request includes, but is not

5 limited to, any rough notes, records, reports, transcripts or other

6 documents in which statements of the defendant or any other discoverable

7 material is contained.  This is all discoverable under Fed. R. Crim. P.

8 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  See also United

9 States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis,

10 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791

11 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir. 1968).

12 Arrest reports, investigator's notes, memos from arresting officers,

13 dispatch tapes, sworn statements, and prosecution reports pertaining to

14 the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C),

15 Fed. R. Crim. P. 26.2 and 12(I);

16            (3)  Reports of Scientific Tests or Examinations.  Pursuant to

17 Fed. R. Crim. P. 16(D), the defendant requests the reports of all tests

18 and examinations conducted upon the evidence in this case, including but

19 not limited to the scientific chemical testing done upon the drugs seized

20 in this case to determine if it was indeed marijuana and any fingerprint

21 testing done upon any evidence seized in this case, that is within the

22 possession, custody, or control of the government, the existence of which

23 is known, or by the exercise of due diligence may become known, to the

24 attorney for the government, and which are material to the preparation of

25 the defense or are intended for use by the government as evidence in chief

26 at the trial;

27            (4)  Brady Material.  The defendant requests all documents,

28 statements, agents' reports, and tangible evidence favorable to the

1 defendant on the issue of guilt and/or which affects the credibility of

2 the government's case.  Impeachment as well as exculpatory evidence falls

3 within Brady's definition of evidence favorable to the accused. United

4 States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S.

5 97 (1976);

6           (5) Any Information that May Result in a Lower Sentence under

7 the United States Sentencing Guidelines (U.S.S.G.).  As discussed above,

8 this information is discoverable under Brady v. Maryland.  This request

9 includes any cooperation or attempted cooperation by the defendant, as

10 well as any information that could affect any base offense level or

11 specific offense characteristic under Chapter Two of the U.S.S.G.  Also

12 included in this request is any information relevant to a Chapter Three

13 adjustment, a determination of the defendant's criminal history, or any

14 other application of the U.S.S.G.;

15           (6)  The Defendant's Prior Record.  Evidence of prior record is

16 available under Fed. R. Crim. P. 16(a)(1)(B);

17           (7) Any Proposed 404(b) Evidence.  Evidence of prior similar

18 acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid.

19 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of

20 the accused, the prosecution . . . shall provide reasonable notice in

21 advance of trial . . . of the general nature . . ." of any evidence the

22 government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The

23 defendant requests that such notice be given three weeks before trial in

24 order to give the defense time to adequately investigate and prepare for

25 trial;

26           (8) Evidence Seized.  Evidence seized as a result of any search,

27 either warrantless or with a warrant, is discoverable under Fed. R. Crim.

28 P. 16(a)(1)(C); the defendant specifically requests that all dispatch

1 tapes or any other physical evidence that may be destroyed, lost, or

2 otherwise put out of the possession, custody, or care of the government

3 and which relate to the arrest or the events leading to the arrest in this

4 case be preserved.  This request includes, but is not limited to, any

5 samples used to run any scientific tests, any narcotics, and any evidence

6 seized from any third party.  It is requested that the government be

7 ordered to question all the agencies and individuals involved in the

8 prosecution and investigation of this case to determine if such evidence

9 exists, and if it does exist, to inform those parties to preserve any such

10 evidence;

11          (9) Tangible Objects.  The defendant requests, under Fed. R.

12 Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test,

13 if necessary, all other documents and tangible objects, including

14 photographs, books, papers, documents, photographs, of building or places

15 or copies of portions thereof which are material to the defense or

16 intended for use in the government's case-in-chief, or were obtained from

17 or belong to the defendant;

18          (10) Evidence of Bias or Motive to Lie.  The defendant requests

19 any evidence that any prospective government witness is biased or

20 prejudiced against the defendant, or has a motive to falsify or distort

21 his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United

22 States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);

23          (11) Impeachment Evidence.  The defendant requests any evidence

24 that any prospective government witness has engaged in any criminal act,

25 whether or not resulting in a conviction, and whether any witness has made

26 a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and

27 613. Such evidence is discoverable under Brady v. Maryland.  See Strifler

28 (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir.

1 1965) (evidence that detracts from a witness' credibility);

2          (12)  Evidence of Criminal Investigation of Any Government
3 Witness.  The defendant requests any evidence that any prospective witness
4 is under investigation by federal, state or local authorities for any
5 criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir.) cert.
6 denied, 474 U.S. 945 (1985);

7          (13)  Evidence Affecting Perception, Recollection, Ability to
8 Communicate, or Truth Telling.   The defense requests any evidence,
9 including any medical or psychiatric report or evaluation, tending to show
10 that any prospective witness' ability to perceive, remember, communicate,
11 or tell the truth is impaired; and any evidence that a witness has ever
12 used narcotics or other controlled substance, or has ever been an
13 alcoholic.  Strifler; Chavis v. North Carolina, 637 F.2d 213, 224 (4th
14 Cir. 1980);

15          (14)  Witness Addresses.  The defendant requests the name and
16 last known address of each prospective government witness.  See United
17 States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker,
18 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses
19 by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181
20 (9th Cir. 1979) (defense has equal right to talk to witnesses).  The
21 defendant also requests the name and last known address of every witness
22 to the crime or crimes charged (or any of the overt acts committed in
23 furtherance thereof) who will not be called as a government witness.
24 United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

25          (15)  Name of Witnesses Favorable to the Defendant.   The
26 defendant requests the name of any witness who made an arguably favorable
27 statement concerning the defendant or who could not identify him or who
28 was unsure of his identity, or participation in the crime charged.

1 Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North

2 Carolina; Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v.

3 Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086

4 (1980);

5         (16) Statements Relevant to the Defense. The defendant requests

6 disclosure of any statement that may be "relevant to any possible defense

7 or contention" that he might assert. United States v. Bailleaux, 685 F.2d

8 1105 (9th Cir. 1982);

9         (17) Jencks Act Material. The defense requests all material to

10 which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500,

11 reasonably in advance of trial, including dispatch tapes. A verbal

12 acknowledgment that "rough" notes constitute an accurate account of the

13 witness' interview is sufficient for the report or notes to qualify as a

14 statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-

15 92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991),

16 the Ninth Circuit held that when an agent goes over interview notes with

17 the subject of the interview the notes are then subject to the Jencks Act.

18 The defense requests pre-trial production of Jencks material to expedite

19 cross-examination and to avoid lengthy recesses during trial;

20         (18) Giglio Information. Pursuant to Giglio v. United States,

21 405 U.S. 150 (1972), the defendant requests all statements and/or

22 promises, express or implied, made to any government witnesses, in

23 exchange for their testimony in this case, and all other information which

24 could arguably be used for the impeachment of any government witnesses;

25         (19) Personnel Records of Government Officers Involved in the

26 Arrest. The defendant requests all citizen complaints and other related

27 internal affairs documents involving any of the immigration officers or

28 other law enforcement officers who were involved in the investigation,

1  arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>,

2  11 Cal.3d 531, 539 (1974).  Because of the sensitive nature of these

3  documents, defense counsel will not be able to procure them from any other

4  source;

5       (20) <u>Government Examination of Law Enforcement Personnel Files</u>.

6  The defendant requests that the government examine the personnel files and

7  any other files within its custody, care or control, or which could be

8  obtained by the government, for all testifying witnesses, including

9  testifying officers.  The defendant requests that these files be reviewed

10 by the government attorney for evidence of perjurious conduct or other

11 like dishonesty, or any other material relevant to impeachment, or any

12 information that is exculpatory, pursuant to its duty under <u>United States</u>

13 <u>v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), <u>cert. denied</u>, 503 U.S. 972

14 (1992).  The obligation to examine files arises by virtue of the defense

15 making a demand for their review:  the Ninth Circuit in <u>Henthorn</u> remanded

16 for <u>in camera</u> review of the agents' files because the government failed

17 to examine the files of agents who testified at trial.  This Court should

18 therefore order the government to review all such files for all testifying

19 witnesses and turn over any material relevant to impeachment or that is

20 exculpatory to the defendant prior to trial.  The defendant specifically

21 requests that the prosecutor, not the law enforcement officers, review the

22 files in this case.  The duty to review the files, under <u>Henthorn</u>, should

23 be the prosecutor's and not the officers'.  Only the prosecutor has the

24 legal knowledge and ethical obligations to fully comply with this request.

25       (21)  <u>Notice and a Written Summary of Any Expert Testimony</u>.

26 Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's

27 request, the government shall disclose to the defendant a written summary

28 of testimony the government intends to use under Rules 702, 703 or 705 of

1 the Federal Rules of Evidence during its case-in-chief at trial. This

2 summary must describe the witness' opinions, the basis and the reasons

3 therefore, and the witness' qualifications." The defendant also

4 specifically requests the government give him a written summary and notice

5 of any expert testimony the government intends to introduce.

6                                    **II.**

7                **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

8         Depending on the future proceedings in this case, Mr. Quintero-

9 Ochoa may file substantive motions. Therefore, defense counsel requests

10 the opportunity to file further motions based upon information gained from

11 the discovery requested herein.

12                                    **III.**

13                                **CONCLUSION**

14         For the foregoing reasons, it is respectfully requested that the

15 Court grant the above motions.

16

                                  Respectfully submitted,

17

18                                 /s/ Gary P. Burcham
Dated: June 2, 2008               GARY P. BURCHAM
19                                 Attorney for Angel Quintero-Ochoa

20

21

22

23

24

25

26

27

28